IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Truman Rogers, | ) | |
| | ) | |
| | ) | No.: |
| Plaintiff, | ) | |
| | ) | Plaintiff Demands Trial By Jury |
| vs. | ) | |
| | ) | |
| City of Harvey, a municipal corporation, | ) | |
| Mayor of Harvey Eric J. Kellogg, | ) | |
| Harvey Police Chief Denard Eaves, | ) | |
| Unknown Harvey Police Officers, | ) | |
| individually and as agents of City of | ) | |
| Harvey, and Officer J. Winston, | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Truman Rogers, by and through his attorneys, Law Offices of Chadwick & Lakerdas, and for his complaint against Defendants City of Harvey, a municipal corporation, Mayor of Harvey Eric J. Kellogg, Harvey Police Chief Denard Eaves, Unknown Harvey Police Officers, individually and as agents of City of Harvey, and Officer J. Winston sued in their individual and in their Official Capacities, states as follows:

## I. INTRODUCTION

1. Plaintiff brings this action seeking damages for Defendants' Violations of 42 U.S.C. Section 1983. Plaintiff brings this civil rights action to redress the deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by provisions of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Defendants violated his constitutional rights in ways that include the following: 1) conducting an unreasonable search and seizure; 2) unlawfully arresting Plaintiff; 3) denying

Plaintiff his due process rights and equal protection under the laws; 4) using excessive force; 5) assaulting and battering Plaintiff 6) failing to intervene; and 7) having an official policy that Officers remain silent about excessive force, therefore encouraging the use of excessive force. Additionally, this action seeks damages for Illinois State law claims for unlawful arrest, false imprisonment, malicious prosecution, and battery.

## II. JURISDICTION

2. Jurisdiction of this Court arises under, 28 U.S.C. Section 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367.

## III. PARTIES

3. Plaintiff is a natural person residing in Cook County, Illinois.

4. Defendant Eric J. Kellogg is the Mayor of Harvey.

5. Defendant Denard Eaves is the Chief of the Havey Police Department.

6. Defendants Officer J. Winston and Unknown Harvey Police Officers were officers employed by the City of Harvey Police Department. They are being sued in their individual and official capacities.

7. City of Harvey is a municipal corporation.

## <u>COUNT I CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983 FOR EXCESSIVE FORCE</u>

1-7 Plaintiff repeats and realleges and incorporates by reference the first seven paragraphs of this complaint as paragraphs 1-7 of Count I.

8. On January 12, 2015 the Plaintiff Truman Rogers went to a store located at 146th and Halsted, Harvey, IL.

9. Officer J. Winston and two other Unknown Officers questioned him about an automobile accident he was involved in.
10. Plaintiff had no prior arrests.
11. Plaintiff asked if he was under arrest.
12. Officer J. Winston threw Plaintiff to the ground and cuffed him.
13. Officer J. Winston picked Plaintiff up by the handcuffs.
14. Officer J. Winston broke Plaintiff's clavicle and forearm when he picked him up by the cuffs that were behind his back.
15. Officer J. Winston arrested Plaintiff for resisting arrest.
16. At no time did Plaintiff resist arrest or refuse to follow any police commands.
17. Officers took Plaintiff to a holding cell without any medical attention.
18. Plaintiff requested medical care.
19. The resisting arrest charges were dismissed.
20. Officer J. Winston, Unknown Officers, City of Harvey, Mayor of Havey Eric J. Kellogg, and Denard Eaves maintained a custom and policy of encouraging officers to remain silent regarding reporting excessive force.
21. The policy of encouraging officers to remain silent encouraged the use of excessive force.
22. Officer J. Winston used excessive force as a result of the City of Harvey police department's policy and custom.
23. All Defendants have acted and continue to act under color of state law at all times relevant to this complaint.
24. As a result of Defendants' acts, Plaintiff suffered actual damages, including emotional distress, pain & suffering, and paranoia that police will continue to engage in police

brutality. Plaintiff was deprived of numerous rights guaranteed by the United States Constitution.

25. On or about January 12, 2015 and afterward, there was in effect Title 42 Section 1983 which states the following:

**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party inured in an action at law, suit in equity, or other proper proceeding for redress...**

42 U.S. Section 1983.

26. The Defendant Officer J. Winston is liable under Section 1983 in ways that include the following:

A. unlawfully arrested Plaintiff without probable cause.
B. deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.
C. deprived Plaintiff of the right to not be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.
D. used excessive force
E. failed to intervene to prevent the infringement of Plaintiffs constitutional rights.
F. intentionally denied or delayed access to medical care
G. exercised a deliberate indifference to the serious medical needs of Plaintiff

27. The Defendants Uknown Harvey Police Officers are liable under Section 1983 in ways that include the following:

**A.** unreasonably arrested Plaintiff
**B.** failed to intervene to prevent the infringement of Plaintiffs constitutional rights.
**C.** deprived Plaintiff the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.
**D.** intentionally denied or delayed access to medical care
**E.** exercised a deliberate indifference to the serious medical needs of Plaintiff
**F.** remained silent from reporting excessive force used against Plaintiff

28. The Defendant City of Harvey, Mayor Eric J. Kellogg, and Harvey Police Chief are liable under Section 1983 in ways that included the following:

A. City of Harvey maintained a custom and policy of encouraging officers to remain silent regarding reporting excessive force
B. Failed to adequately train their officers and employees to assess persons arrested for medical care.
C. Maintained an inadequate hiring process that failed to eliminate persons incompetent to be police officers and susceptible to participate in using excessive force.
D. Failed to adequately train, discipline, and supervise officers that promoted using excessive force and Officers to remain silent regarding use of excessive force.
E. Failed to adequately report, review, and investigate use of force incidents in a manner that promoted using excessive force and officers to remain silent regarding use of excessive force.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

(a) an amount in excess of $50,000 in general, special, and actual damages.

(b) costs and reasonable attorneys' fees.

(c) an amount in excess of $50,000 for punitive damages.

(d) for such other relief as may be just and proper.

**<u>COUNT II STATE LAW CLAIM FOR FALSE ARREST</u>**

1-24. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-24 of Count I as paragraphs 1-24 of Count II.

25. On January 12, 2015, Defendants Officer J. Winston and Unknown Harvey Police Officers falsely arrested Plaintiff.

26. Defendants' false arrest proximately caused damages to Plaintiff that included emotional distress, pain & suffering, and paranoia that police will continue to engage in police brutality against him.

27. Plaintiff was deprived of numerous rights guaranteed by the United States Constitution including rights under the Fourth, Fifth, and Fourteenth Amendments.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Officer J. Winston and Unknown Harvey Police Officers for:

A. an amount in excess of $50,000 in general, special, and actual damages.

B. costs and reasonable attorneys' fees.

C. for such other relief as may be just and proper.

## COUNT III STATE LAW CLAIM FOR MALICIOUS PROSECUTION REGARDING RESISTIG ARREST

1-24. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-24 of Count I as paragraphs 1-24 of Count III.

25. Defendants Officer J. Winston and Unknown Harvey Police Officers engaged in malicious prosecution against Plaintiff.

26. Defendants' malicious prosecution proximately caused damages to Plaintiff that included emotional distress, pain & suffering, and paranoia that police will continue to engage in police brutality and make false charges.

27. Defendants' malicious prosecution caused Plaintiff to be deprived of his civil rights including rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Officer J. Winston and Unknown Harvey Police Officers for:

A. an amount in excess of $50,000 in general, special, and actual damages.

B. an amount in excess of $50,000 in punitive damages.

C. costs and reasonable attorneys' fees.

D. for such other relief as may be just and proper.

## COUNT IV STATE LAW CLAIM FOR BATTERY

1-24. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-24 of Count I as paragraphs 1-24 of Count IV.

25. Defendant Officer J. Winston battered Plaintiff.

26. Defendant's actions proximately caused damages to Plaintiff that included emotional distress, pain & suffering, and paranoia that police will continue to engage in police brutality.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Officer J. Winston for:

A. an amount in excess of $50,000 in general, special, and actual damages.

B. an amount in excess of $50,000 in punitive damages.

C. costs and reasonable attorneys' fees.

D. for such other relief as may be just and proper.

s/ Sturgis E. Chadwick, III

Sturgis E. Chadwick, III

Chadwick & Lakerdas
5300 South Shore Drive
Suite 100
Chicago, Illinois 60615
(773) 955-1088
Atty No. 6188758
schadwick@chadwicklakerdas.com