**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUMAN ROGERS, | |
| Plaintiff, | |
| v. | Court No.: 16-cv-5871 |
| CITY OF HARVEY, a Municipal Corporation; Mayor of Harvey ERIC J. KELLOGG; Harvey Police Chief DENARD EAVES; UNKNOWN HARVEY POLICE OFFICERS, individually and as agents of City of Harvey; and OFFICER J. WINSTON, | Honorable Martha M. Pacold Magistrate Judge Mary M. Rowland |
| Defendants. | |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

**I.      INTRODUCTION**

Defendant OFFICER JUSTIN WINSTON ("Defendant") moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).[1] Plaintiff asserts causes of action for false arrest and excessive force pursuant to 42 U.S.C. § 1983. (Dkt. 1, 100). Given the undisputed evidence presented during trial, Defendant is entitled to judgment as a matter of law as to all of Plaintiff's claims.

**II.      LEGAL AUTHORITY**

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Rule 50(a)(1).

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure, unless otherwise noted.

"A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Rule 50(a)(2).

## III.   ARGUMENT

### A.   Defendant is entitled to judgment as a matter of law on Plaintiff's false arrest claim because the undisputed evidence presented at trial establishes that probable cause supported Plaintiff's arrest.

To prevail on his false arrest claim, Plaintiff bears the burden of proving by a preponderance of the evidence that "Defendant did not have probable cause to arrest Plaintiff." Seventh Circuit Pattern Civil Jury Instruction 7.07. The undisputed evidence shows that, as a matter of law, Defendant had probable cause to arrest Plaintiff for leaving the scene of an accident and driving too fast for prevailing or traffic conditions. It is well-established that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense," even a very minor traffic violation, the officer may arrest that individual. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Jackson v. Parker*, 627 F.3d 634, 639 (7th Cir. 2010). "Probable cause exists if an officer reasonably believes, in light of the facts known to [him] at the time, that a suspect committed or was committing an offense." *Jackson, supra*, 627 F.3d at 638 (internal quotation and citation omitted). "A probable cause determination relies on the common-sense judgment of the officers based on the totality of the circumstances." *Ibid*. (internal quotation and citation omitted).

For instance, in *Harris v. City of Harvey*, the court found as a matter of law that the arresting officer had probable cause to arrest the plaintiff for leaving the scene of an accident. 2000 U.S. Dist. LEXIS 14543, * 30, 31, 35 (N.D.Ill.). There, the court found summary judgment for the defendant officer was proper where it was undisputed that the plaintiff left the scene of

the accident, as the officer had probable cause to arrest the plaintiff for doing just that. *Ibid*. Further, the court found that the plaintiff's legitimate excuse for leaving the scene, to call 9-1-1 to get emergency help, did not negate the existence of probable cause. *Id.*, *35. The court explained that the inquiry for probable cause is what the officer knew at the time of the arrest, not what was uncovered after the fact. *Ibid*.

In Illinois, "[t]he driver of any vehicle which collides with or is involved in a motor vehicle accident with any vehicle which is unattended, or other property, resulting in any damage to such other vehicle or property shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle or other property of the driver's name, address, registration number and owner of the vehicle the driver was operating or shall attach securely in a conspicuous place on or in the vehicle or other property struck a written notice giving the driver's name, address, registration number and owner of the vehicle the driver was driving and shall without unnecessary delay notify the nearest office of a duly authorized police authority and shall make a written report of such accident." 625 ILCS 5/11-404(a).

In addition, "[n]o vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property." 625 ILCS 5/11-601(a). For instance, in *Imes v. Koenig*, 227 Ill.App.3d 77 (3d Dist. 1992), the appellate court upheld judgment notwithstanding the verdict in favor of the defendant because "[i]t [was] clear from the evidence adduced at trial that the plaintiff did not operate his automobile with due regard for the weather conditions at the time of the collision." *Id.*, at 80. The court explained that "[d]rivers in this state are under an obligation to avoid colliding with other vehicles and to operate their automobiles in a reasonable manner, with due regard for the weather conditions prevailing at the

3

time of driving." *Ibid*. The court found a verdict in favor of defendant was proper because "[i]f visibility at the time of the collision was so poor that the plaintiff did not notice the truck until his passenger screamed, it is clear that the plaintiff was driving too fast for the weather conditions." *Ibid*. Further, "a person can be driving under the speed limit and still be driving too fast for conditions." *Masotti v. Console*, 195 Ill.App.3d 838, 844 (2d Dist. 1990) (citation omitted).

Per the evidence presented at trial, it is undisputed that Plaintiff did not attempt to find the owner of the tree to inform the owner of his information, did not post a note on the tree containing his information, and did not report the accident to police. In fact, when police arrived, even per Plaintiff's own testimony, he refused to speak with them, including Defendant, regarding the accident, indicating it was "between me and the tree." Thus, it is undisputed that Plaintiff violated 625 ILCS 5/11-404(a). Defendant testified that when he arrived to the scene, he saw Plaintiff leaving his vehicle to go into the store. Given the undisputed facts, as a matter of law, Defendant "reasonably believed, in light of the facts known to [him] at the time, that [Plaintiff] committed or was committing [the] offense" of leaving the scene of the accident. *Jackson, supra*, 627 F.3d at 638 (internal quotation and citation omitted).

Defendant also had probable cause to arrest Plaintiff for driving too fast for prevailing conditions. Per the evidence presented at trial, it is undisputed that Plaintiff's car ran off the road and struck a tree head-on. Plaintiff testified it was "cold and icy." It is undisputed that Plaintiff never told Defendant that another car cut him off or forced him off the road or caused the accident; Defendant did not have that information at the time of the arrest. As Defendant testified, he reasonably believed that, for whatever reason, Plaintiff lost control of his vehicle causing it to leave the roadway and hit the tree, given the accident itself, as no one would

reasonably drive off the road and hit a tree head-on intentionally. Thus, Defendant had probable cause, as a matter of law, to arrest Plaintiff for driving too fast for prevailing conditions, given the undisputed evidence presented at trial.

> **B.** **Defendant is entitled to judgment as a matter of law on Plaintiff's excessive force claim because the undisputed evidence presented at trial establishes that Defendant's use of force was objectively reasonable.**

To prevail on his excessive force claim, Plaintiff bears the burden of proving by a preponderance of the evidence that "Defendant used unreasonable force against Plaintiff." Seventh Circuit Pattern Civil Jury Instruction 7.09. Plaintiff claims that Defendant's use of the arm bar take down was excessive. However, Defendant's use of this force to gain Plaintiff's compliance and take him into custody was reasonable, given Plaintiff's failure to follow legal orders. "*[A]ll* claims that law enforcement officers have used excessive force … in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). "In determining whether a particular seizure was reasonable, a court should carefully consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Lawrence, supra*, 391 F.3d at 843 (internal quotation and citation omitted). "The officer's behavior will be evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Ibid.*, (internal quotation and citation omitted). "The assessment of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Ibid.*, (internal quotation and citation omitted). Further, the Seventh Circuit "has

described 'arm bar' and 'wrist lock' techniques as 'minimally forceful techniques designed to subdue non-compliant subjects and prevent escalation.'" *Price v. Wrencher*, 2016 U.S. Dist. LEXIS 66357, \*9-10 (N.D.Ill.), *quoting Fitzgerald v. Santoro*, 707 F.3d 725, 734 (7th Cir. 2013).

For instance, in *Lawrence, supra*, the court found the officer's use of an arm bar take down reasonable where the officer approached plaintiff while directing traffic and the plaintiff failed to give the officer his driver's license. *Lawrence, supra*, 391 F.3d at 843. There, the officer was helping direct traffic at a concert when he noticed plaintiff's vehicle turning into the path of another car. *Id*., at 840. The officer approached plaintiff's vehicle, the two had an exchange, the officer asked the plaintiff for his driver's license, and the officer opened the plaintiff's door and grabbed the plaintiff's arm to get the plaintiff out of his car, when the plaintiff failed to comply with the officer's request for his license. *Id*., at 840-41. Ultimately, once out of the car, the officer used an arm bar take down to get the plaintiff into custody. *Id*., at 841. There, the court found that as a matter of law the force used by the officer was not excessive and was reasonable. *Id*., at 843. The court explained that because the plaintiff refused to produce his driver's license when asked, the plaintiff was combative and angry, and a reasonable officer in the arresting officer's position could have believed the plaintiff was attempting to evade arrest, the use of force was reasonable. *Ibid*. *See also, Fitzgerald, supra*, 707 F.3d at 728, 734 (use of arm bar and wrist lock by police as against plaintiff making suicidal threats held reasonable); *Price, supra*, 2016 U.S. Dist. LEXIS 66357, \*\* 2, 5, 6, 9 (summary judgment granted for defendant police officers, use of force found reasonable where officers used arm bar take down to arrest the plaintiff who was talking to herself, swinging a belt, and who walked away from officers when they attempted to speak with her).

Here, the reasoning and holdings of *Lawrence* and *Price* should apply. It is undisputed that when Defendant approached Plaintiff in the convenience store, Plaintiff had just committed the crime of leaving the scene of the accident and driving too fast for prevailing conditions. When Defendant approached Plaintiff in the convenience store, Defendant was initially attempting to investigate the accident. Even by Plaintiff's own testimony, Plaintiff refused to speak with officers, and when Defendant tried to talk to Plaintiff about the accident, Plaintiff refused to speak with him. Even by Plaintiff's own testimony, Plaintiff turned away from Defendant. At that time, by Plaintiff's own testimony, Plaintiff was obstructing Defendant's ability to investigate the accident, which he was required to do. Defendant attempted to ask Plaintiff questions about the accident, which Plaintiff refused to answer. Rather, Plaintiff tried to leave after Defendant told him he was not free to leave. Despite Defendant's orders that Plaintiff was not free to leave, Plaintiff continued to try to leave the store, and Defendant reasonably believed that Plaintiff was failing to comply, was attempting to leave, and was resisting arrest, at which point Defendant utilized the arm bar takedown to get Plaintiff into custody.

Like the officers in *Price*, Defendant utilized the arm bar take down, "an objectively reasonable use of force meant to induce cooperation." *Price, supra*, 2016 U.S. Dist. LEXIS 66357, *10. Like the plaintiff in *Price* who refused to speak to officers, Plaintiff here refused to speak to officers, including Defendant, regarding the accident. And, like the officers in *Price*, Defendant simply used the arm bar takedown to get Plaintiff into custody; Defendant did not "attempt to strike or beat Plaintiff." *Price, supra*, 2016 U.S. Dist. LEXIS 66357, *10. Given the holdings and reasoning of *Price* and *Lawrence*, and based on the undisputed evidence presented at trial, Defendant's use of force was reasonable and does not constitute a constitutional violation. As such, judgment as a matter of law should be entered in favor of Defendant.

**C.     Defendant is entitled to qualified immunity based on such evidence and legal authority.**

Police officers enjoy immunity from liability as long as their conduct does not violate a clearly established right at the time of the officers' actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity inquiry involves the determination of two factors: whether the officer's conduct violated a constitutional right, and whether the right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2010). The Court may address either factor first. *Hernandez v. Sheahan*, 711 F.3d 816, 917 (7th Cir. 2013).

**Reasonable Use of Force**

While the Seventh Circuit has indicated that because an objective analysis is used to determine the merits of an excessive force claim, qualified immunity would likely be foreclosed or unnecessary in an excessive force case. *See, e.g., Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 476-77 (7th Cir. 1997). Here, however, Defendant would still be entitled to qualified immunity, thereby precluding Plaintiff's excessive force claim, based on the undisputed evidence and legal authority described more thoroughly above. Plaintiff bears the burden of proving that Defendant's "use of force violated a clearly established constitutional right." *Id*., at 476 (citation omitted). Plaintiff "could do this either (1) by showing a clearly analogous case that established a right to be free from the type of force [Defendant] used against him or (2) by showing that the force was so plainly excessive that, as an objective matter, [Defendant] would have been on notice that he was violating the Fourth Amendment." *Ibid*. (citation omitted).

Here, Plaintiff cannot prove that Defendant's use of force violated a clearly established constitutional right. Plaintiff cannot show a clearly analogous case that established that Plaintiff had a right to be free from the arm bar takedown used by Defendant against him, particularly given the holdings and reasoning of cases like *Lawrence, supra*, 391 F.3d at 841, 843,

8

*Fitzgerald, supra*, 707 F.3d at 728, 734, and *Price, supra*, 2016 U.S. Dist. LEXIS 66357, ** 2, 5, 6, 9, where the use of an arm bar takedown was specifically held to constitute a reasonable use of force given similar facts and circumstances. Likewise, given this legal authority, and the fact that officers utilize arm bar takedowns routinely in taking suspects into custody, Plaintiff cannot show that the force used by Defendant was so plainly excessive that objectively Defendant would have been on notice that he was violating the Fourth Amendment. As such, Defendant is entitled to qualified immunity, which precludes Plaintiff's excessive force claim.

**Existence of Probable Cause to Support Arrest**

"An officer is entitled to qualified immunity if 'a reasonable officer could have mistakenly believed that probable cause existed.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 250 (7th Cir. 2015), *quoting Fleming v. Livingston Co., Ill.*, 647 F.3d 874, 880 (7th Cir. 2012). Even in a case where a court may find probable cause lacking, qualified immunity applies if it is a close call. *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2011). As such, if there is any question as to whether probable cause existed to support the actions of an officer, and there is any reasonable basis to conclude that probable cause did in fact exist, the case should not be permitted to go to trial. *Humphrey v. Staszak*, 148 F.3d 719, 727 (7th Cir. 1998).

As referenced above, the facts known to Defendant at the time of Plaintiff's arrest, which are undisputed given the evidence presented during trial, led Defendant to reasonably believe that Plaintiff committed the offenses of leaving the scene of the accident and driving too fast for prevailing conditions. 625 ILCS 5/11-404(a); 625 ILCS 5/11-601(a); *Harris, supra*, 2000 U.S. Dist. LEXIS 14543, * 30, 31, 35 (N.D.Ill.); *Imes, supra*, 227 Ill.App.3d at 80. Given the undisputed facts established by the evidence presented during trial, and the legal authority presented above, Defendant is entitled to qualified immunity as to Plaintiff's false arrest claim.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for judgment as a matter of law should be granted.

Respectfully submitted,

OFFICER JUSTIN WINSTON

By:   */s/ Kathleen M. Kunkle*
       One of the Attorneys for Defendant

Kathleen M. Kunkle (ARDC #6281796)
Pedro Fregoso, Jr. (ARDC #6284815)
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
Telephone: 312-782-7606
Fax: 312-782-0943
kkunkle@ancelglink.com
pfregoso@ancelglink.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2023, I electronically filed the foregoing

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW** with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to:

Michael G. Kelly                    mkelly@chadwicklakerdas.com


/s/  *Kathleen M. Kunkle*
KATHLEEN M. KUNKLE / ARDC# 6281796
One of the Attorneys for Defendants

ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:     (312) 782-7606
Direct:        (312) 604-9123
Facsimile:     (312) 782-0943
E-Mail:        kkunkle@ancelglink.com