**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRUMAN ROGERS, | |
| Plaintiff, | |
| v. | Court No.: 16-cv-5871 |
| CITY OF HARVEY, a Municipal Corporation; Mayor of Harvey ERIC J. KELLOGG; Harvey Police Chief DENARD EAVES; UNKNOWN HARVEY POLICE OFFICERS, individually and as agents of City of Harvey; and OFFICER J. WINSTON, | Honorable Martha M. Pacold |
| | Magistrate Judge Mary M. Rowland |
| Defendants. | |

## DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR MOTION FOR REMITTITUR AND/OR MOTION FOR NEW TRIAL

### I.    INTRODUCTION

Defendant OFFICER JUSTIN WINSTON ("Defendant") renews his motion for judgment as a matter of law and alternatively moves for a new trial, pursuant to Federal Rule of Civil Procedure 50(b)[1] and Rule 59. Alternatively, Defendant moves for remittitur. *See, e.g., Farfaras v. Citizens Bank & Trust*, 433 F.3d 558, 566 (7th Cir. 2006). Plaintiff asserts causes of action for false arrest and excessive force pursuant to 42 U.S.C. § 1983. (Dkt. 1, 100). Jury trial on these claims was had April 24, 2023 through April 28, 2023. (Dkt. 148, 149, 150, 152, 153). The jury returned a verdict in favor of Defendant as to Plaintiff's false arrest claim (Claim I) and returned a verdict in favor of Plaintiff as to Plaintiff's excessive force claim (Claim II). (Dkt. 153). The jury awarded Plaintiff $75,000 in compensatory damages and did not award any punitive damages. (Dkt. 153).

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure, unless otherwise noted.

Defendant filed a motion for judgment as a matter of law on April 27, 2023 (Dkt. 151), which the Court ultimately denied in full. (Dkt. 157). As such, Defendant now renews his motion for judgment as a matter of law and alternatively moves for a new trial. While Defendant renews his motion for judgment as a matter of law in its entirety, (Dkt. 151), Defendant specifically renews his motion for judgment as a matter of law because he is entitled to qualified immunity, as the jury found probable cause existed for Plaintiff's arrest. (Dkt. 153). In the alternative, Defendant moves for a new trial and/or remittitur because "there is no rational connection between the award and the evidence," particularly because Plaintiff failed to prove that Defendant's use of force caused his physical injuries. Rule 59; *Farfaras, supra*, 433 F.3d at 566 (internal quotation and citations omitted).

## II.    LEGAL AUTHORITY

"If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment … the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Rule 50(b).

"The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Rule 59(a)(1)(A).

III.    **ARGUMENT**

A.    **Defendant's renewed motion for judgment as a matter of law should be granted because Defendant is entitled to qualified immunity as the jury found in favor of Defendant as to Plaintiff's false arrest claim.**

While Defendant re-asserts all arguments made in his original motion for judgment as a matter of law (Dkt. 151), Defendant is particularly entitled to judgment as a matter of law because Defendant is entitled to qualified immunity. The jury found in favor of Defendant as to Plaintiff's false arrest claim; thus, the jury found Defendant had probable cause to arrest Plaintiff. (Dkt. 153). Police officers enjoy immunity from liability as long as their conduct does not violate a clearly established right at the time of the officers' actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity inquiry involves the determination of two factors: whether the officer's conduct violated a constitutional right, and whether the right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2010). The Court may address either factor first. *Hernandez v. Sheahan*, 711 F.3d 816, 917 (7th Cir. 2013).

Here, Defendant is entitled to qualified immunity as to Plaintiff's excessive force claim based on the undisputed evidence presented at trial and legal authority regarding the same use of force used by Defendant, and given that the jury found Defendant had probable cause to arrest Plaintiff. (Dkt. 153). Defendant's use of this force to gain Plaintiff's compliance and take him into custody was reasonable, given Plaintiff's failure to follow legal orders. "*[A]ll* claims that law enforcement officers have used excessive force … in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). "In determining whether a particular seizure was reasonable, a court should carefully consider the facts and circumstances of each particular

case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Lawrence, supra*, 391 F.3d at 843 (internal quotation and citation omitted). "The officer's behavior will be evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Ibid.*, (internal quotation and citation omitted). "The assessment of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Ibid.*, (internal quotation and citation omitted). Further, the Seventh Circuit "has described 'arm bar' and 'wrist lock' techniques as 'minimally forceful techniques designed to subdue non-compliant subjects and prevent escalation.'" *Price v. Wrencher*, 2016 U.S. Dist. LEXIS 66357, *9-10 (N.D.Ill.), *quoting Fitzgerald v. Santoro*, 707 F.3d 725, 734 (7th Cir. 2013).

For instance, in *Lawrence, supra*, the court found the officer's use of an arm bar take down reasonable where the officer approached plaintiff while directing traffic and the plaintiff failed to give the officer his driver's license. *Lawrence, supra*, 391 F.3d at 843. There, the officer was helping direct traffic at a concert when he noticed plaintiff's vehicle turning into the path of another car. *Id.*, at 840. The officer approached the plaintiff's vehicle, the two had an exchange, the officer asked the plaintiff for his driver's license, and the officer opened the plaintiff's door and grabbed the plaintiff's arm to get the plaintiff out of his car, when the plaintiff failed to comply with the officer's request for his license. *Id.*, at 840-41. Ultimately, once out of the car, the officer used an arm bar take down to get the plaintiff into custody. *Id.*, at 841. There, the court found that as a matter of law the force used by the officer was not excessive and was reasonable.

*Id.*, at 843. The court explained that because the plaintiff refused to produce his driver's license when asked, the plaintiff was combative and angry, and a reasonable officer in the arresting officer's position could have believed the plaintiff was attempting to evade arrest, the use of force was reasonable. *Ibid. See also, Fitzgerald, supra*, 707 F.3d at 728, 734 (use of arm bar and wrist lock by police as against plaintiff making suicidal threats held reasonable); *Price, supra*, 2016 U.S. Dist. LEXIS 66357, ** 2, 5, 6, 9 (summary judgment granted for defendant police officers, use of force found reasonable where officers used arm bar take down to arrest the plaintiff who was talking to herself, swinging a belt, and who walked away from officers when they attempted to speak with her).

Here, Defendant is entitled to qualified immunity pursuant to the reasoning and holdings of *Lawrence* and *Price*. The jury found in favor of Defendant as to Plaintiff's false arrest claim; thus, Defendant had probable cause to arrest Plaintiff. (Dkt. 153). It is undisputed that when Defendant approached Plaintiff in the convenience store, Plaintiff had just committed the crime of leaving the scene of the accident and driving too fast for prevailing conditions. When Defendant approached Plaintiff in the convenience store, Defendant was initially attempting to investigate the accident. Even by Plaintiff's own testimony, Plaintiff refused to speak with officers, and when Defendant tried to talk to Plaintiff about the accident, Plaintiff refused to speak with him. Even by Plaintiff's own testimony, Plaintiff turned away from Defendant. At that time, by Plaintiff's own testimony, Plaintiff was obstructing Defendant's ability to investigate the accident, which he was required to do. Defendant attempted to ask Plaintiff questions about the accident, which Plaintiff refused to answer. Rather, Plaintiff tried to leave after Defendant told him he was not free to leave. Despite Defendant's orders that Plaintiff was not free to leave, Plaintiff continued to try to leave the store, and Defendant reasonably believed

that Plaintiff was failing to comply, was attempting to leave, and was resisting arrest, at which point Defendant utilized the arm bar takedown to get Plaintiff into custody. The jury found Defendant had probable cause to arrest Plaintiff. (Dkt. 153).

Like the officers in *Price*, Defendant utilized the arm bar take down, "an objectively reasonable use of force meant to induce cooperation." *Price, supra*, 2016 U.S. Dist. LEXIS 66357, *10. Like the plaintiff in *Price* who refused to speak to officers, Plaintiff here refused to speak to officers, including Defendant, regarding the accident. And, like the officers in *Price*, Defendant simply used the arm bar takedown to get Plaintiff into custody; Defendant did not "attempt to strike or beat Plaintiff." *Price, supra*, 2016 U.S. Dist. LEXIS 66357, *10. Given the holdings and reasoning of *Price* and *Lawrence*, and based on the undisputed evidence presented at trial, Defendant is entitled to qualified immunity because Defendant's conduct did not violate a clearly established right at the time of Defendant's actions. *Harlow, supra*, 457 U.S. at 818. As such, judgment as a matter of law should be entered in favor of Defendant.

    **B.**    **Alternatively, Defendant's motion for remittitur and/or motion for new trial should be granted because "there is no rational connection between the award and the evidence," particularly because Plaintiff failed to prove causation.**

The jury awarded Plaintiff $75,000 in compensatory damages on his excessive force claim. At trial, Plaintiff alleged that Defendant caused his physical injuries, a broken clavicle and a broken wrist, by taking him to the ground with the arm bar takedown. However, the testimony of Plaintiff's two treating physicians, Dr. Mark Stossel (emergency room physician) and Dr. Benjamin Bruce (orthopedic surgeon), established that Plaintiff's injuries were caused by the car accident, and not by any force exerted by Defendant. As such, the verdict should be reduced or a new trial granted because "there is no rational connection between the award and the evidence." *Farfaras, supra*, 433 F.3d at 566 (internal quotation and citations omitted).

6

"Damages in a section 1983 action, however, must be based on damages actually suffered, as the purpose of a section 1983 action is to compensate persons for injuries caused by the deprivation of constitutional rights." *Bemben v. Hunt*, 1995 U.S.Dist. LEXIS 725, *7 (N.D.Ill.) (citations omitted). "[E]vidence regarding what damages were caused by the alleged violation of the Fourth Amendment must be considered." *Id*., at *8.

The Seventh Circuit has recognized "three situations where courts may award nominal damages to remedy the constitutional violation of excessive force": where an officer "might use both justifiable and excessive force," "where a jury reasonably concludes that evidence concerning the plaintiff's injuries was not credible," or where "the victim's injuries have no monetary value or are insufficient to justify with reasonable certainty a more substantial measure of damages." *Briggs v. Marshall*, 93 F.3d 355, 360 (7th Cir. 1996). The Seventh Circuit has further held that the nominal damages instruction is appropriate where a violation of an individual's constitutional rights "has not caused actual, provable injury." *Stachniak v. Hayes*, 989 F.2d 914, 923 (7th Cir. 1993) (internal quotation and citation omitted).

For instance, in *Stachniak*, the court found the plaintiff had suffered physical injuries caused by the officers' use of force where the plaintiff's doctors testified to plaintiff's injuries and plaintiff established the officers caused the injuries. *Id*., at 923. Thus, the court ruled, a nominal damages jury instruction was not proper. *Id*., at 923-24.

Here, Plaintiff failed to prove his physical injuries were caused by the Defendant's use of force, and, as such, the $75,000 award is not rationally connected to the evidence. As referenced above, Plaintiff's two treating physicians, Dr. Mark Stossel (emergency room physician) and Dr. Benjamin Bruce (orthopedic surgeon), established that Plaintiff's injuries were caused by the car accident, and not by any force exerted by Defendant. Plaintiff failed to prove his physical

injuries were caused by the use of force. As such, the verdict should be reduced to an amount commensurate with the proof at trial or a new trial granted because "there is no rational connection between the award and the evidence." *Farfaras, supra*, 433 F.3d at 566 (internal quotation and citations omitted); *Stachniak, supra*, 989 F.2d at 922-923.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's renewed motion for judgment as a matter of law, and/or motion for remittitur, and/or motion for new trial should be granted.

Respectfully submitted,

OFFICER JUSTIN WINSTON

By:    /s/ *Kathleen M. Kunkle*
   One of the Attorneys for Defendant

Kathleen M. Kunkle (ARDC #6281796)
Pedro Fregoso, Jr. (ARDC #6284815)
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
Telephone: 312-782-7606
Fax: 312-782-0943
kkunkle@ancelglink.com
pfregoso@ancelglink.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically filed the foregoing **DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR MOTION FOR REMITTITUR AND/OR MOTION FOR NEW TRIAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Michael G. Kelly                    mkelly@chadwicklakerdas.com


/s/ *Kathleen M. Kunkle*
KATHLEEN M. KUNKLE / ARDC# 6281796
One of the Attorneys for Defendants

ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:     (312) 782-7606
Direct:              (312) 604-9123
Facsimile:        (312) 782-0943
E-Mail:            kkunkle@ancelglink.com

9